WILLIAMS v. ANDERSON CONST. CO., Inc., et al. (AMERICAN CASUALTY CO. OF READING, .PA., third party defendant).

No. 6487–A.

District Court, Alaska.
First Division. Juneau.
July 18, 1952.

Plummer & Arnell, Anchorage, Alaska, for plaintiffs.

Faulkner, Banfield & Boochever, Robertson, Monagle & Eastaugh, Juneau, Alaska, for defendant.

FOLTA, District Judge.

Plaintiffs seek recovery of damages to their property, caused by defendants' excavation on the adjoining lot, and punitive damages for actions of the defendant in connection therewith which it is alleged were willful, unlawful and done with a reckless disregard of plaintiffs' property rights.

Plaintiffs own the north half of lot four (4) in block seventeen (17) of the City of Juneau, Alaska, on which their residence is located. Defendant excavated on the adjoining lot to the west for the purpose of erecting an apartment building. I find that during the course of the exca-

vation, at a depth of about eight feet and in a place next to plaintiffs' boundary, a fluid soil was encountered which oozed from plaintiffs' property into the hole which defendant was digging; that the flow of this soft, wet sand from under plaintiffs' residence, coupled with the sloughing of top soil, resulted in settling and consequent injury to the structure, and that the earth oozed and fell of its own weight, and not as a result of the pressure of the wooden building. I further find that, while excavating, defendant told plaintiffs that there was no danger to the structure, and that defendant would take steps to prevent any injury to plaintiffs' property; that the plaintiffs reasonably relied on these representations and did not undertake to shore up the house, and that the defendant's efforts to this end were not effective.

Defendant contends that faulty construction of the house caused the injury, but under the circumstances of this case the excavation and consequent loss of support for plaintiffs' soil was the proximate cause of the harm complained of here.

Defendant, by withdrawing the naturally necessary lateral support of plaintiffs' soil, which then fell of its own weight causing plaintiffs' house to settle and fall, is liable for the injuries to the plaintiffs' property. Restatement of Torts, Sec. 817.

It is unnecessary to consider whether defendant's shoring was done in a negligent manner since liability is not predicated on negligence.

Nor is it necessary to determine whether Section 504 (4) of the Building Code of Juneau, under which plaintiffs also claim, is valid, since recovery here is required by the common law.

The evidence indicates that the entries upon plaintiffs' property were pursuant to a general consent and that defendant did not act in a willful or wanton manner. Plaintiffs' claims for trespass and punitive damages are therefore disallowed.

The court finds the damage to plaintiffs' property to be $3,355. An attorney's fee of $600 is allowed.